UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re Application of
Banco Sistema S.A.,

                Applicant,

Pursuant to 28 U.S.C. § 1782 for Judicial
Assistance in Obtaining Evidence for Use in
Foreign and International Proceedings Pending in
the Federative Republic of Brazil.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _8/14/2023_

23 Misc. 240 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      On July 21, 2023, Applicant, Banco Sistema S.A., submitted an *ex parte* petition (the "Petition") for an order pursuant to 28 U.S.C. § 1782 to obtain discovery for use in a civil proceeding already filed in the 1st Civil Court of the City of Curitiba in the Federative Republic of Brazil. Pet. ¶¶ 5, 16, ECF No. 1; *see also* Pimenta Decl. ¶¶ 8, 19, 23, ECF No. 2. Applicant seeks permission to serve subpoenas on: The GRTB, LLC ("GRTB"), Julio Bogoricin Real Estate Corp. ("Bogoricin Real Estate"), 23 West 69th Street Corp. ("23 West"), and 58 West 87th Street Corp. ("58 West") (together, the "Respondents"). Pimenta Decl. ¶¶ 20–21, 23, 40; *see* Pet. ¶ 18; ECF No. 1-1. Applicant also seeks permission to proceed *ex parte*. Pet. at 17. For the following reasons, the Petition is GRANTED.

**DISCUSSION**

    I.    <u>Legal Standard</u>

      "A district court has authority to grant a § 1782 application where: (1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a foreign proceeding before a foreign or international tribunal, and (3) the application is made by a foreign or international tribunal or any interested person." *Mees v. Buiter*, 793 F.3d 291, 297 (2d Cir. 2015) (internal quotations and alterations omitted). Courts routinely grant such petitions *ex parte*. *Gushlak v. Gushlak*, 486 F.

App'x 215, 217 (2d Cir. 2012) (summary order) ("[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*.").

In determining whether to grant a § 1782(a) petition, the Court may also consider "(1) whether the person from whom discovery is sought is a participant in the foreign proceeding, in which case the need for § 1782(a) aid generally is not as apparent; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign . . . court or agency abroad to U.S. federal-court judicial assistance; (3) whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions; and (4) whether the request is unduly intrusive or burdensome." *In re Catalyst Managerial Servs., DMCC*, 680 F. App'x 37, 38–39 (2d Cir. 2017) (summary order) (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264–65 (2004)) (internal quotation marks omitted).

II.   Analysis

A.  *Ex Parte* Proceeding

Courts routinely grant similar petitions *ex parte*. *Gushlak*, 486 F. App'x at 217. Accordingly, Applicant's request to proceed without serving the Petition on Respondents is GRANTED.

B.  The Petition

Applicant has met all three statutory requirements. First, Applicant argues that Bogoricin Real Estate, 23 West, and 58 West, reside in this District, and that GRTB can be found in this District. Pet. at 9–10; Pimenta Decl. ¶ 20; ECF Nos. 1-2–1-5. Second, Applicant has established that it intends to use the discovery in an ongoing Brazilian proceeding. Pet. at 11; Pimenta Decl. ¶¶ 23, 48. Under the plain text of § 1782, a foreign proceeding includes "a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a); *Mees*, 793 F.3d at 299 ("[A]pplicant may

seek discovery of any materials that can be made use of in the foreign proceeding to increase [its] chances of success."). Third, Applicant is a party to the foreign proceeding. Pet. at 11; Pimenta Decl. ¶¶ 8, 14.

Each of the discretionary factors also weigh in favor of granting the Petition. First, Respondents are not participants in the Brazilian proceeding. Pimenta Decl. ¶ 46. Second, the Brazilian court issued an order "allowing [Applicant] to pursue seizure of [f]oreign [d]efendants' assets abroad in light of the . . . evidence of [their] pattern of moving their assets out of reach from their creditors." Pet. at 15; *see, e.g.*, Pimenta Decl. ¶¶ 18, 32. Third, there is no evidence that Applicant is attempting to circumvent any proof-gathering restrictions imposed by Brazilian law or otherwise seeking the discovery in bad faith. Finally, the subpoenas Applicant proposes are not unduly intrusive or burdensome. *See* ECF No. 1-1. Accordingly, the Petition is GRANTED.

## CONCLUSION

For the reasons stated above, the Petition is GRANTED.

The Clerk of Court is directed to terminate the motion at ECF No. 1 and to close the case.

SO ORDERED.

Dated: August 14, 2023
       New York, New York

_____
ANALISA TORRES
United States District Judge